## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 06-44(3) (DWF/RLE) |
| Plaintiff, | |
| v. | **ORDER AND MEMORANDUM** |
| Kellie Jean Lovas, | |
| Defendant. | |

LeeAnn K. Bell and Michael L. Cheever, Assistant United States Attorneys, United States Attorney's Office, counsel for Plaintiff.

Katherine Menendez, Assistant Federal Defender, Federal Defender's Office, counsel for Defendant.

---

Kellie Jean Lovas, by and through counsel, has moved the Court pursuant to 18 U.S.C. § 3582 for a sentencing reduction under the revised and retroactive amendments to the United States Sentencing Guidelines applicable to crack cocaine cases.

Based upon the submissions of the parties and the Court having reviewed the contents of the file in this matter, including the sentencing proceeding in this matter and all submissions by the Defendant, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

**ORDER**

1. Defendant Kellie Jean Lovas's motion for a reduction of her sentence pursuant to the revised and retroactive amendments to the Untied States Sentencing Guidelines (Doc. No. 112) is respectfully **DENIED**.

Dated:  January 26, 2009          s/Donovan W. Frank
                                       DONOVAN W. FRANK
                                       Judge of United States District Court

**MEMORANDUM**

The Defendant entered a plea of guilty to Conspiracy to Distribute and Possess With Intent to Distribute 50 Grams or More of Cocaine Base.  On January 29, 2007, she was sentenced by this Court to 36 months, to be followed by 5 years of supervised release.  Defendant was held accountable, pursuant to the plea agreement, for 94.66 grams of cocaine base and 108.8 grams of powder cocaine.  This resulted in a base offense level of 32.  The Defendant received a reduction from the base level of 3 points for Acceptance of Responsibility; 2 points for being Safety Valve eligible; 2 points for a Mitigating Role reduction for being a minor participant, pursuant to 3B1.2(b); and significantly, a Mitigating Role Cap, pursuant to section 2D1.1(a)(3).  This resulted in an adjusted offense level of 23.  At the time of sentencing, with one criminal history point, Defendant's criminal history score was I.  The Sentencing Guideline range was 46 to 57 months.  The Court reduced the sentence in response to the Government's motion for departure to 36 months, pursuant to 18 U.S.C. § 3553(e) and 5K1.1.  The Defendant has

asked the Court to reduce her sentence by two levels and to apply a downward departure, consistent with the departure she received at her original sentencing, resulting in an 8-month reduction in her sentence.

As correctly pointed out by the Government, notwithstanding the amended guidelines, the Defendant's guideline range did not change. Pursuant to 18 U.S.C. § 3582(c)(2), a reduction in a defendant's sentence pursuant to an amended sentencing range cannot occur unless "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission."

Under the version of section 2D1.1(c) in effect at the time of Defendant's sentencing, her base offense level for the crack offense was 32. Amendment 706 reduced that base offense level to 30. However, with a new base offense level of 30, the Defendant no longer qualifies for the Mitigating Role Cap under section 2D.1.(a)(3)(I). Consequently, the Defendant's adjusted offense is the same today as it was on January 29, 2007, specifically the adjusted offense level being 23.

The Court therefore declines to grant Defendant's motion to reduce her sentence under the amended guidelines because the amended guidelines did not change the applicable guideline range. The original adjusted level was 23, and the amended adjusted offense level is 23. Consequently, and respectfully stated, the Defendant has not met the requirements for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).

The Court acknowledges receipt of a letter from the Defendant. It also acknowledges receipt of her sincere and intense desire to return to her children. The

Court respects and hopes that this desire remains the case.  As it stands now, the Defendant has a projected release date of September 2009.  Significantly, it is the Court's view that while it is hopeful that the Defendant will have a successful transition from prison to the community, including a reunion with her children, utilizing the applicable guideline factors set forth in 18 U.S.C. § 3553(a), the Court finds and concludes that the Court's sentence of 36 months remains a fair and reasonable sentence.  It must therefore respectfully decline to reduce the 36-month sentence previously imposed.

      For the reasons stated, the Court declines Defendant's motion for a reduction.  However, the Court sincerely wishes the Defendant, Kellie Jean Lovas, good luck with her reunion with her children and with her transition back into the community.

D.W.F.